# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| WILLIE FRANK WRIGHT, JR., | : | |
| Plaintiff | : | |
| vs. | : | |
| Attorney FRANKIE W. HICKS, Prosecutor DELEIGH PEARCE SHELTON, Judge HUGH V. WINGFIELD, III, Judge HULANE GEORGE, and STATE OF GEORGIA, | : | NO. 5:10-CV-246 (MTT) |
| Defendants | : | **O R D E R** |

Plaintiff **WILLIE FRANK WRIGHT, JR.**, a pretrial detainee at the Baldwin County Jail ("BCJ") in Milledgeville, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. The instant case represents plaintiff's fifth such lawsuit in the past two months.[1]

Plaintiff also seeks leave to proceed without prepayment of the $350.00 filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). Based on plaintiff's submissions, the Court finds that plaintiff is unable to prepay the filing fee. Accordingly, the Court **GRANTS** plaintiff's motion to proceed *in forma pauperis* and waives the initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1).

Plaintiff is nevertheless obligated to pay the full filing fee. Prison officials are directed to collect the Court's $350.00 filing fee when plaintiff's account exceeds $10.00 and forward payments to the Clerk of this Court pursuant to the installment payment provisions set forth in 28 U.S.C. §

---

[1] *See Wright v. Eubanks*, 5:10-cv-184-MTT; ***Wright v. Baldwin County Jail***, 5:10-cv-198-MTT; ***Wright v. Petty***, 5:10-cv-203-MTT; and ***Wright v. Massey***, 5:10-cv-230-HL.

1915(b)(1). The Clerk of Court is directed to send a copy of this order to the business manager of the Baldwin County Jail.

## I. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." ***Carroll v. Gross***, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" ***Bell Atlantic Corp. v. Twombly***, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); ***see also Ashcroft v. Iqbal***, 129 S. Ct. 1937, 1949 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In making the above determinations, all factual allegations in the complaint must be viewed as true. ***Brown v. Johnson***, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be

liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

In order to state a claim for relief under section 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa County*, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a section 1983 complaint because the plaintiffs factual allegations were insufficient to support the alleged constitutional violation). *See also* 28 U.S.C. 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in section 1915A "shall" be dismissed on preliminary review).

## II. BACKGROUND

Plaintiff seeks damages for alleged constitutional violations arising out of his criminal prosecution in Baldwin County. Plaintiff's specific claims are addressed separately below with respect to the various named defendants.[2]

## III. DISCUSSION

### A. Defendants

#### 1. Attorney Frankie W. Hicks

Plaintiff alleges that defendant Hicks, plaintiff's court-appointed attorney, include that Hicks failed to visit with plaintiff in jail, to make various objections, to subpoena witnesses, and to appeal the denial of plaintiff's bond.

---

[2] Plaintiff also requests that this Court reprimand, charge, or fire the defendants. Such relief is clearly outside this Court's authority.

Even assuming all of plaintiff's allegations against Hicks are true, plaintiff has no cause of action against Hicks under section 1983. As stated above, to be liable in a section 1983 action, the defendant must act "under color of state law." In his capacity as plaintiff's appointed counsel, Hicks was not acting "under color of state law" for purposes of section 1983. *See Polk County v. Dodson*, 454 U.S. 312, 318-19 (1981); *Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985). *See also Pete v. Metcalfe*, 8 F.3d 214, 216-17 (5th Cir. 1993) (private attorneys are not liable under section 1983 for malpractice, negligence, or inaction). Although a private attorney may be sued under section 1983 if he conspired with someone who did act under color of state law, plaintiff makes no such allegation. *Wahl*, 773 F.2d at 1173; *Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 679 (5th Cir.1988) ( "private attorneys, even court-appointed attorneys, are not official state actors and ... are not subject to suit under section 1983").

### 2. Prosecutor Deleigh Pearce Shelton

Plaintiff alleges that defendant Shelton "did not consider" the criminal motions filed by plaintiff, who is now apparently proceeding *pro se* in his criminal case. Plaintiff further claims that Shelton "let" a detective lie to the judge during plaintiff's bond hearing, evidently so the judge would deny plaintiff's bond. Finally, plaintiff appears to complain that Shelton denied plaintiff his right to confront his wife, who is also the victim of the crime(s) for which plaintiff is charged, when Shelton gave plaintiff's wife permission to leave the courthouse.

Prosecutors enjoy absolute immunity from suit in pursuing a criminal prosecution and in presenting the state's case. *Imbler v. Pachtman*, 424 U.S. 409, 427-28 (1976). Such immunity includes "filing an information without investigation, filing charges without jurisdiction, filing a baseless detainer, offering perjured testimony, suppressing exculpatory evidence, refusing to

4

investigate complaints about the prison system, and threatening further criminal prosecutions." ***Hart v. Hodges***, 587 F.3d 1288, 1295 (11th Cir. 2009). Thus, Shelton is entitled to absolute immunity.

### 3. Judges Hugh V. Wingfield, III, and Hulane George

Plaintiff alleges that defendant Judge Wingfield denied plaintiff bond based on "unproven facts" and that defendant Judge George advised plaintiff on June 2, 1010, that he would have to re-file his demand for a speedy trial, which plaintiff had filed approximately two months earlier.

Judges are entitled to absolute immunity from damages for acts taken in their judicial capacity, unless they acted in the "clear absence of all jurisdiction." ***Stump v. Sparkman***, 435 U.S. 349, 356-57 (1978); ***Simmons v. Conger***, 86 F.3d 1080, 1084-85 (11th Cir.1996). Denying bond and issuing adverse decisions are clearly judicial acts. Because Judges Wingfield and George were acting within their judicial capacity, they have absolute immunity from liability to plaintiff for damages.

### 4. State of Georgia

State governments are not "persons" who may be sued in an action brought under section 1983. ***Will v. Michigan Dep't of State Police***, 491 U.S. 58, 71 (1989). Consequently, the State of Georgia is not a proper defendant.

### B. *Younger* Abstention

Finally, assuming plaintiff's criminal prosecution remains pending, the Court notes that his action is subject to dismissal pursuant to ***Younger v. Harris***, 401 U.S. 37 (1971). The Supreme Court's decision in ***Younger*** mandates that this Court abstain from interfering with plaintiff's pending state court criminal proceedings. In ***Younger***, the Supreme Court held that concerns of equity, comity, and federalism require that federal courts abstain from interfering with state court criminal proceedings absent "extraordinary circumstances." ***Younger*** abstention is required when:

(1) a state proceeding is pending; (2) the state proceeding involves important state interests; and (3) the state proceeding affords an adequate opportunity to raise constitutional issues. ***Middlesex Co. Ethics Comm'n v. Garden State Bar Ass'n***, 57 U.S. 423, 432 (1982). Each of the requirements of ***Younger*** is satisfied in this case and this Court must abstain from interfering in plaintiff's ongoing criminal prosecution in Georgia.

## IV. CONCLUSION

Based on the foregoing, the instant complaint is hereby **DISMISSED** as frivolous under 28 U.S.C. § 1915A.

**SO ORDERED**, this 15th day of July, 2010.

S/ Marc T. Treadwell
MARC T. TREADWELL
UNITED STATES DISTRICT JUDGE

cr